[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16859
Non-Argument Calendar

_____

D. C. Docket No. 05-00297-CR-T-26-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL DEJESUS BAUTISTA-ENAMORADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 14, 2006)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Manuel DeJesus Bautista-Enamorado appeals his 135-month sentence for

possession with intent to distribute 5 kilograms or more of cocaine while aboard a

vessel subject to the United States's jurisdiction, in violation of 46 App. U.S.C. §§ 1903(a), (g); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the United States's jurisdiction, in violation of 46 App. U.S.C. §§ 1903(a), (g), & (j); and 21 U.S.C. § 960(b)(1)(B)(ii). Bautista-Enamorado argues that he should have received a minor-role reduction pursuant to U.S.S.G. § 3B1.2 and that the district court's sentence was unreasonable.

I.

We have held that a district court's determination of a defendant's role in an offense is a finding of fact, to be reviewed for clear error. United States v. De Varon, 175 F.3d 930, 934 (11th Cir. 1999) (en banc). The guidelines allow a court to decrease a defendant's offense level by two points if the court finds the defendant was a minor participant. U.S.S.G. § 3B1.2(b). A defendant is a minor participant if he "is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5).

The party seeking the downward departure bears the burden of establishing that the defendant's role was minor by a preponderance of the evidence. De Varon, 175 F.3d at 939. In determining whether a mitigating role reduction is warranted, a district court examines: (1) the defendant's role against the relevant

conduct for which he was held accountable, and (2) the defendant's role in comparison to the other participants. Id. at 940. The first prong assesses the defendant's actual role in comparison to the relevant conduct. Id. The district court may consider any and all facts probative of the defendant's role. Id. at 943. Only if the defendant can establish that he played a minor role in the conduct for which he has already been held accountable, not just a minor role in any larger conspiracy, should the district court grant a downward adjustment for a minor role in the offense. Id. at 944. The second prong compares the defendant's role to the roles played by his co-participants. Id. "The conduct of participants in any larger criminal conspiracy is irrelevant." Id. Notably, "a defendant is not automatically entitled to a minor-role adjustment merely because [he] was somewhat less culpable than the other discernable participants," especially as it is possible that no co-conspirator is a minor participant Id.

Bautista-Enamorado pled guilty to possession and conspiracy to possess more than 5 kilograms of cocaine, and admitted to the more than 2,400 kilograms of cocaine transported in the offense. Bautista-Enamorado was held accountable at sentencing for these facts. Based on the close convergence between Bautista-Enamorado's conduct and the conduct for which he was held accountable, he has failed to meet the burden of the first prong. The second prong compares the

defendant's role to the roles played by his co-participants. De Varon, 175 F.3d at 944. The district court further found that crew members are fully involved in the smuggling operation, and are integral to ensuring that the product reaches a marketplace. Because Bautista-Enamorado was a crew member, like most of the other co-defendants, he was not less culpable than his co-participants. The district court did not clearly err in determining that Bautista-Enamorado did not qualify for a minor-role reduction.

## II.

Bautista-Enamorado argues that the district court erred because it did not adequately consider the 18 U.S.C. § 3553(a) factors.

Sentences imposed under an advisory guidelines system are reviewed for "unreasonableness." United States v. Booker, 543 U.S. 220, 259-60 125 S.Ct. 738, 765, 160 L.Ed.2d 621 (2005). Following the Booker decision, we have stated that the district court must first correctly calculate the defendant's guideline range. Then, using the 18 U.S.C. § 3553(a) sentencing factors, the court can impose a more severe or more lenient sentence as long as it is reasonable. United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005). The § 3553(a) factors include the available sentences, the applicable guideline range and policy statements, the

nature and circumstances of the offense, and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, (2) afford adequate deterrence to criminal conduct, (3) protect the public from further crimes of the defendant, and (4) provide the defendant with needed correctional treatment.  18 U.S.C. § 3553(a).  "[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

"Review for reasonableness is deferential."  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." Id.  A sentence within the advisory guidelines range is not per se reasonable, but is expected to be reasonable. See id. ("when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one.").  We have held that a district court's statement that it had considered the § 3553(a) factors alone is sufficient in post-Booker sentences to indicate it considered the factors, and have concluded that, in such cases, the defendant's sentence was reasonable because the district court accurately calculated the guideline range and the defendant's sentence

5

at the low end of the range reflected the court's consideration of his evidence in mitigation. See Scott, 426 F.3d at 1330.

We note that the district court considered the §3553(a) factors, accurately calculated the guideline range, and sentenced Bautista-Enamorado at the low end of the guidelines range. The district court explicitly mentioned the §3553(a) factors, but also stated that it believed the large quantity of cocaine on the boat justified a guidelines sentence. Further, Bautista-Enamorado's sentence was at the low end of the guidelines range, a range that takes into account his offense conduct, his personal characteristics and history, just punishment, and adequate deterrence. Therefore, we conclude that Bautista-Enamorado's sentence was reasonable. See Talley, 431 F.3d at 788; Scott, 426 F.3d at 1330. The district court's judgment is

**AFFIRMED.**